United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Marta Munera, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-20619-Civ-Scola |
| | ) | |
| Tops Kitchen Cabinet & Granite | ) | |
| LLC, Defendant. | ) | |

## Order on Partial Motion to Dismiss

This matter is before the Court upon the Defendant's motion to dismiss counts II, III, and IV the Plaintiffs' amended complaint. For the reasons stated below, the Court **grants** the Defendant's motion. (**ECF No. 11**.)

### 1. Background

The Plaintiff, Marta Munera, was an employee of the Defendant, Tops Kitchen Cabinet & Granite. In her complaint, the Plaintiff states that she began working for the Defendant in September 2017 and was responsible for selling counter tops and other related materials. (ECF No. 8, at ¶¶ 7-8.) The Plaintiff was also required to do non-sales related work, including cleaning the bathroom. (*Id.*, at ¶ 17.) The Plaintiff claims she was not paid an hourly or salary wage, but rather, worked on commission which resulted in her earning less than the minimum wage during some pay periods. (*Id.*, at ¶¶ 10-11.) The Plaintiff also states that she often worked over forty hours in a week, but did not receive overtime compensation. (*Id.*, at ¶ 12.) The Plaintiff further states that the Defendant improperly withheld money from the Plaintiff's paycheck, including for when the Plaintiff was late, when the Plaintiff was sick, or "for tax purposes." (*Id.*, at ¶¶ 13-16.)

Based on these allegations, the Plaintiff asserts four causes of action against the Defendant, including for violations of the Fair Labor Standards Act (Count I); unjust enrichment (Count II); quantum meruit (Count III); and breach of agreement (Count IV).

### 2. Legal Standard

#### A. Rule 12(b)(6)

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need

only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

In her complaint, the Plaintiff states that she worked for the Defendant based on commission and that as a result of that payment arrangement, at times she earned less than the minimum wage. The Plaintiff also states that she would work more than forty hours in a week, but did not receive overtime compensation. As a result of this, in Count I of the Plaintiff's complaint, she states that she seeks to "recover for unpaid wages . . . including the payment of minimum and/or overtime wages as required by the FLSA." (ECF No. 8, at ¶¶ 25-26.) The Plaintiff incorporates by reference all of the facts underlying her FLSA claim into her claims for unjust enrichment, quantum meruit, and breach of agreement. (*See* ECF No. 8, at ¶¶ 18, 27, 33, 40.)

Section 216 of the Fair Labor Standards Act "is the exclusive remedy for enforcing rights created" under the FLSA. *Belmonte v. Creative Props., Inc.*, No. 19-61438-Civ, 2019 WL 5063832, at *2 (S.D. Fla. Oct. 8, 2019) (Moreno, J.). Accordingly, when "a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA." *Id.* Courts dismiss such "duplicative state law claims where they rely on proof of the same facts." *Id.* In *Bule v. Garda CL Southeast, Inc.*, the Court dismissed with prejudice a plaintiff's claims for unjust enrichment, quantum meruit, and breach of agreement where the Court found "a plain reading of Plaintiff's state law claims reveal they are all, without a doubt, dependent on a finding of the same violations of the FLSA." No. 14-21898-Civ, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (Moreno, J.).

The Court finds *Belmonte* and *Bule* instructive and finds that a plain reading of the Plaintiff's complaint evidences that her state law claims merely recast her FLSA claim. The Plaintiff appears to admit as much in her briefing, acknowledging that her state law claims are being plead in the alternative to her FLSA claims. (*See, e.g.*, ECF No. 20, at 4.) As the FLSA is the Plaintiff's

exclusive remedy for the harm complained of, the Court finds that Counts II, III, and IV of the complaint are due to be dismissed.

**4. Conclusion**

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss Counts II, III, and IV of the Plaintiff's amended complaint. (**ECF No. 11.**) This case shall remain open as Count I of the Plaintiff's complaint remains at issue between the Plaintiff and the Defendant.

**Done and ordered**, in Miami, Florida, on April 28, 2021.

Robert N. Scola, Jr.
United States District Judge